**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 05-184(1) (DWF/JSM) |
| | Civil No. 06-2808 (DWF) |
| Respondent-Plaintiff, | |
| v. | **ORDER** |
| Natiya Lee Plummer, | |
| Petitioner-Defendant. | |

---

Andrew S. Dunne, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent-Plaintiff.

Natiya Lee Plummer, *Pro Se*, Petitioner-Defendant.

Michael W. McDonald, Esq., McDonald & Kerr, counsel for Petitioner-Defendant.

---

In July 2005, Petitioner pled guilty to possession with intent to distribute cocaine. He was later sentenced to 60 months in federal prison, and he is currently serving his sentence at the Federal Prison Camp in Duluth, Minnesota.

Petitioner did not file a direct appeal, but in June 2006, he filed a motion seeking relief from his conviction under 28 U.S.C. § 2255. (Doc. No. 40.) Petitioner's § 2255 motion was denied on the merits on October 4, 2006. (Doc. No. 42.)

Petitioner recently filed a Notice of Appeal, (Doc. No. 46), seeking appellate review of the Court's ruling on his § 2255 motion. He has also filed a request for a

Certificate of Appealability, ("COA"), (Doc. No. 45), and an application for leave to proceed *in forma pauperis*, ("IFP"), on appeal, (Doc. No. 47). For the reasons discussed below, the Court finds that Petitioner is entitled to proceed IFP, but he is not entitled to a COA.

**A.     IFP Application**

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, Petitioner has filed an affidavit in support of his IFP application, (Doc. No. 48), which shows that he is employed at the prison where he is confined, but he is earning only about $12.00 per month. Petitioner's affidavit further indicates that he

does not have any bank accounts, securities, or "anything of value to trade or sell to pay for this appeal." Based on the representations made in Petitioner's IFP application and accompanying affidavit, the Court finds that he is financially eligible for IFP status.

Although the Court remains fully satisfied that Petitioner's § 2255 motion was properly denied, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

**B.     Certificate of Appealability**

A federal prisoner is not permitted to appeal a final order in a § 2255 proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues

otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

Here, Petitioner has claimed that he was deprived of his constitutional right to effective assistance of counsel, because his attorney allegedly failed to file a Notice of Appeal on his behalf. However, Petitioner is unable to sustain that claim, because the record shows, (very persuasively), that he was fully informed about his right to appeal, and he simply failed to make a timely request for an appeal.

After considering Petitioner's § 2255 claims once again, the Court remains fully satisfied, for the reasons explained in the Order dated October 4, 2006, that Petitioner's sentence should <u>not</u> be vacated. Moreover, the Court finds no reason to believe that Petitioner's § 2255 claims would be decided any differently in any other court, including the Eighth Circuit Court of Appeals. The Court also finds nothing otherwise novel or noteworthy about any of Petitioner's claims that would cause any of them to warrant appellate review. Therefore, Petitioner will not be granted a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's application for leave to proceed *in forma pauperis* on appeal, (Doc. No. 47), is **GRANTED**; and

2. Petitioner's request for a Certificate of Appealability in this matter, (Doc. No. 45), is **DENIED**.

Dated: December 5, 2006     s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court