UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-184(1) (DWF/JSM) |
| Plaintiff, | |
| v. | **FINDINGS OF FACT,**<br>**CONCLUSIONS OF LAW,**<br>**AND ORDER FOR JUDGMENT** |
| Natiya Lee Plummer, | |
| Defendant. | |

Andrew S. Dunne, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Reynaldo A. Algada, Jr., Assistant Federal Defender, Federal Defender's Office, counsel for Defendant.

The above-entitled matter came before the undersigned United States District Court Judge pursuant to a remand by the United States Court of Appeals for the Eighth Circuit for an evidentiary hearing to address Defendant Natiya Lee Plummer's ("Petitioner-Defendant") claim that his lawyer failed to comply with his request to file a notice of appeal in the above-entitled matter.

In an Order filed on October 4, 2006 (Doc. No. 42), the Court denied Petitioner-Defendant's Petition to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255. In his Petition, the Petitioner-Defendant alleged that his trial counsel, Michael W. McDonald, was ineffective for failure to file a notice of appeal from the

Court's sentence of December 8, 2005. Prior to the Court's October 4, 2006 decision, Michael McDonald had filed an affidavit, dated September 13, 2006 (Doc. No. 41-2), in which he expressly denied the allegations made by the Petitioner-Defendant. Specifically, he states in paragraphs 6 and 7 of his affidavit:

> 6.    During the sentencing, the District Court advised Mr. Plummer of his appellate rights on the record. Judge Frank advised Mr. Plummer that he had ten days from the date of the sentencing to file a notice of appeal. Judge Frank also requested me to review Mr. Plummer's appellate rights with him following the sentencing.
>
> 7.    Following the sentencing, I followed the Court's request and advised Mr. Plummer of his appellate rights. I also advised Mr. Plummer to contact me within the ten day filing period if he wanted me to file a notice of appeal on his behalf. Mr. Plummer never requested that I file a notice of appeal on his behalf.

(Doc. No. 41-2.)

In an Order filed on October 31, 2006 (Doc. No. 44), the Court denied Petitioner-Defendant's motion for reconsideration. Subsequently, on December 5, 2006, the Court granted Petitioner-Defendant's application for relief to proceed *informa pauperis* on appeal and denied Petitioner-Defendant's request for a certificate of appealability. (Doc. No. 49.)

On April 3, 2007, the United States Court of Appeals for the Eighth Circuit granted the application of Petitioner-Defendant for a certificate of appealability and remanded the case to the District Court for an evidentiary hearing on the applicant's claim that his counsel failed to comply with his request to file a notice of appeal. The

evidentiary hearing occurred on November 8, 2007, pursuant to the mandate of the Eighth Circuit.

Based upon the presentations of the parties, and the Court having received and reviewed the testimony of Petitioner-Defendant Natiya Lee Plummer, Jerry Plummer, and Michael McDonald, and being otherwise duly advised in the premises, the Court hereby makes its:

## FINDINGS OF FACT

1.   In response to his lawyer's question during direct examination, Petitioner-Defendant testified that he had a discussion with his attorney, Michael McDonald, on December 8, 2005, about whether he wanted to appeal his sentence. Petitioner-Defendant stated that the conversation occurred in the hallway outside of the courtroom.  (11/08/07 Evidentiary Hearing Tr. at 6.)

2.   Petitioner-Defendant stated that his uncle, Jerry Plummer, brought up the issue of appeal by stating:

> A.   . . . we asked Mr. McDonald what had happened in there. And he said, I don't know what just happened in there. And I didn't know that he was going to do that. My uncle said, well, you should appeal it because we don't know what – if you don't know what just happened in there.
>
> Q.   What did you say?
>
> A.   I said yes, we'll appeal it.
>
> Q.   And did you say that to Mr. McDonald?

      A.     Yes.

      Q.     Did he respond to you?

      A.     Yes.

      Q.     What did he say?

      A.     You don't want to do that.

      Q.     Did he say why?

      A.     No.

      Q.     He didn't say why?

      A.     No.

      Q.     Did you have any further communications with Mr. McDonald about whether or not to appeal?

      A.     No.

(11/08/07 Evidentiary Hearing Tr. at 7.)

    3.     As the record shows, Petitioner-Defendant was not in custody either before or immediately after the sentencing.

    4.     Petitioner-Defendant acknowledges that he at no time called or contacted in any way his attorney, Michael McDonald, after the December 8, 2005, sentencing. (11/08/07 Evidentiary Hearing Tr. at 7, 17-18.)

    5.     Petitioner-Defendant acknowledged at the hearing that at no time did he have any discussions with Michael McDonald about whether a notice of appeal had been

filed during the six months that followed December 8, 2005. (11/08/07 Evidentiary Hearing Tr. at 17-18.)

      6.      Jerry Plummer testified at the evidentiary hearing.

      7.      Jerry Plummer is Petitioner-Defendant's uncle.

      8.      Jerry Plummer was present at the December 8, 2005 sentencing hearing.

      9.      Jerry Plummer testified that he was present with Petitioner-Defendant and Michael McDonald outside of the courtroom after the sentencing hearing. (11/08/07 Evidentiary Hearing Tr. at 20.)

      10.      Jerry Plummer testified that "[w]ell, Natiya was asking him about getting an appeal on the case. And Mr. McDonald stated to him, by the time the appeal goes through, you will be out. You will be through with your time." (11/08/07 Evidentiary Hearing Tr. at 20-21.)

      11.      Michael McDonald, Petitioner-Defendant's trial counsel, testified that all discussions regarding appellate rights occurred at the counsel table in the courtroom: "When the Court sentenced him to 60 months, I asked him right here, where we were sitting at counsel table – it probably wasn't this courtroom – if he wanted to appeal. He stated he did not want to appeal." (11/08/07 Evidentiary Hearing Tr. at 25.)

      12.      The Court finds and concludes that Petitioner-Defendant's testimony is not credible.

13. The Court, without reaching the issue as to the credibility of Jerry Plummer's testimony, does find and conclude that his testimony is not only entirely contrary to Michael McDonald's, but is substantially inconsistent with the version recalled by Petitioner-Defendant in the hallway outside of the courtroom after the hearing.

14. The Court finds the testimony of Michael McDonald credible and consistent with the conduct of Petitioner-Defendant subsequent to the hearing up until the petition to vacate his sentence was filed.

15. Any conclusion of law that can be deemed a finding of fact is incorporated herein as such.

Based upon the above findings of fact, the Court now makes its:

## CONCLUSIONS OF LAW

1. Petitioner-Defendant did not reasonably demonstrate to his counsel, Michael McDonald, in any fashion that he was interested in appealing the Court's decision and sentence in the above-entitled matter.

2. Petitioner-Defendant did not inform his lawyer on December 8, 2005, in the courtroom or in the hallway outside of the courtroom, within 10 days of his December 8, 2005 hearing, or at any time thereafter that he wanted to appeal his case.

3. The Court finds and concludes that Petitioner-Defendant did not request that his counsel file a notice of appeal. Consequently, the Court concludes that his trial counsel did not fail to comply with a request by Petitioner-Defendant because

Petitioner-Defendant did not request that he file a notice of appeal.  *Cf. Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982) (finding ineffective assistance of counsel where defendant had informed his attorney of his wish to appeal his sentence).

    4.    For the reasons stated in the Court's Memorandum Opinion and Memorandum filed on October 4, 2006, the Petitioner-Defendant received effective assistance of counsel.


Dated:  November 21, 2007            <u>s/Donovan W. Frank</u>
                                          DONOVAN W. FRANK
                                          Judge of United States District Court